IN THE COURT OF APPEALS
AT KNOXVILLE


| | | |
|---|---|---|
| IN RE: ESTATE OF CLIMER E. CONNATSER; | ) | BLOUNT CIRCUIT |
| | ) | C. A. NO. 03A01-9801-CV-00005 |
| | ) | |
| GARY MICHAEL CONNATSER, | ) | |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. W. DALE YOUNG |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| BEATRICE CONNATSER, EXECUTRIX, | ) | AFFIRMED AND REMANDED |
| | ) | |
| Defendant-Appellee | ) | |

FILED

June 29, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

GARY MICHAEL CONNATSER, Pro Se, Louisville, Appellant.


ANGELIA D. MOORIE, Nicholson, Garner & Duggan, Maryville, for Appellee.

O P I N I O N

McMurray, J.

This is a will contest. The contestant, Gary Michael Connatser, charges in his pleadings that the testator was mentally incompetent at the time of the making of the will and further that the testator was subjected to undue influence by the legatees named in the will. The executrix, Beatrice Connatser, moved for summary judgment. Upon consideration, the court sustained the motion and entered judgment upholding the will. This appeal resulted. We affirm the judgment of the trial court.

The executrix, Beatrice Connatser, is the widow of Climer E. Connatser. Gary M. Connatser is a son of Climer E. Connatser, deceased, by a prior marriage. Under the Will of Climer E. Connatser, which is contested here, Beatrice Connatser is the sole devisee of any and all property, real, personal or mixed "to the exclusion of all others" in the event she survived the testator, which she did. Samuel D. Connatser is the son of Beatrice Connatser and Climer E. Connatser, and a one-half brother to Gary M. Connatser. Samuel is the contingent devisee in the event his mother, Beatrice, should have predeceased the testator.

We should note that the plaintiff-contestant is pro se. While we are constrained to view pleadings and procedural matters liberally when a non-lawyer party appears pro se, we are not at liberty to overlook either procedural law, substantive law or the Rules of Civil Procedure approved by the Supreme Court and the General Assembly. The record is filled with superfluous and irrelevant documents, having no basis in either law, fact or procedure insofar as the record reflects. Nevertheless, we have reviewed the record in its entirety in an attempt to ensure that the appellant suffered no injustice at the hands of the judicial system. We are unable, however, to ensure that the appellant will not suffer an "injustice" as a result of incompetent representation as a pro se litigant.

In State v. Goodwin, 909 S.W.2d 35, (Tenn. Crim. App. 1995), the defendant sought to represent himself. The trial court cautioned the defendant as follows:

> "You have no greater right than any other litigants and must expect and receive the same treatment and consideration as if you were represented by an attorney. You are held to the same familiarity with the required procedures," and that's what bothered me some, "and the same notice of statutory local rules as would be attributed to a duly-qualified member of the bar. The trial judge will not act for your attorney at all. A party who represents himself would be held to the same standard of knowledge and practice as any qualified member of the bar. Reasonable consideration for a layman acting as his own attorney, "and I have already advised you this, "does not require the Court to interrupt the course of proceedings

3

> to translate legal terms, explain legal rules, or
> otherwise attempt to address the ongoing consequences of
> the party's decision to function in a capacity for which
> he is not trained."

Id. at 41.

We agree with the general proposition set out by the trial judge in Goodwin, however, as we have previously noted, we will cast the pro se litigant's actions in the most liberal light allowed by law. In this case, we have done so.

The appellant's issues presented for review, generally stated, assert that he was denied due process and abuse of discretion by the trial court. We find no merit in either.

The appellee filed a motion for summary judgment pursuant to Rule 56, Tennessee Rules of Civil Procedure, on the grounds that there was no genuine issue of a material fact and that she is entitled to judgment as a matter of law. As earlier noted, the grounds upon which the appellant sought to contest the will were lack of mental capacity and undue influence. The appellee filed in support of her motion for summary judgment, the affidavits of the attorney who drafted the will and the two attesting witnesses. The affidavits established that the will was duly executed and in the opinion of the attorney and the attesting witnesses, the testator was, at the time of the execution of the will, of sound mind and

4

disposing memory and did not appear to be under any undue influ-
ence.

The duty of a non-moving party, when faced with a motion for summary judgment is well-settled.

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. Fowler v. Happy Goodman Family, 575 S.W.2d 496, 498 (Tenn. 1978); Merritt v. Wilson Cty. Bd. of Zoning Appeals, 656 S.W.2d 846, 859 (Tenn. App. 1983). In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment . . . shall be entered against him." Rule 56.05.

Byrd v. Hall, 847 S.W.2d 208 (Tenn. 1993).

During the course of time while this litigation was pending in the trial court, the appellant filed various affidavits. None, however, went to the question of mental capacity at the time of the execution of the will. Most contained inadmissible or irrelevant evidence and did not meet the requirements of Fowler v. Happy Goodman Family, supra, regarding admissibility of evidence. Further, the appellant failed to demonstrate in any fashion that the testator was mentally incompetent to make a will.

5

While the burden is upon the proponent to establish that the will was duly executed by a competent testator, upon proof of due execution, the capacity of testator and voluntariness of his act are presumed. Curry v. Bridges, 45 Tenn. App. 395, 325 S.W.2d 87 (1959); Needham v. Doyle, 39 Tenn. App. 597, 286 S.W.2d 601 (1956).

In this case the appellant has not, by the most liberal construction and interpretation, of the documents found in the record presented anything to rebut the presumption of capacity and voluntariness.

The appellant further complains that he was denied due process. Specifically, he complains that he was deprived of a trial by jury. In speaking to this issue, the court in Union Planters Nat'l. Bank v. Inman, 588 S.W.2d 757 (Tenn. App. 1979), put the question of a lack of jury trial in summary judgment cases at rest:

In the first assignment of error contestants insist that the entry of a summary judgment in a will contest proceeding amounts to an improper denial of the right to a jury trial as provided for under Article I, Sec. 6 of the Constitution of Tennessee and Secs. 32-401, 405 and 408 of T.C.A. We find no reported decision directly in point, but in numerous cases will contests have been concluded on demurrer sustained by the Court or by verdict directed by the Court whereby contestants were denied the right to submit the issues to a jury. See Hickey v. Beeler, 180 Tenn. 31, 171 S.W.2d 277 (1943); Cude v. Culberson, 30 Tenn. App. 628, 209 S.W.2d 506 (1947); Jones v. Sands, 41 Tenn. App. 1, 292 S.W.2d 492 (1953); Curry v. Bridges, 45 Tenn. App. 395, 325 S.W.2d 87 (1959); Bradford v. Bradford, 51 Tenn. App. 101, 364 S.W.2d 509 (1962); Anderson v. Anderson, 220 Tenn. 496,

6

419 S.W.2d 166 (1967). The scope of the Rules of Civil Procedure is clearly defined in Rule 1, as follows:

> Subject to such exceptions as are stated in them, these rules shall govern the procedure in the circuit and chancery courts of Tennessee and in other courts while exercising the jurisdiction of the circuit or chancery courts, in all civil actions, whether at law or in equity, including civil actions appealed or otherwise transferred to those courts. These rules shall not be applicable to courts of general sessions except in cases where such courts by special or private act exercise jurisdiction similar to that of circuit or chancery courts. These rules shall be construed to secure the just, speedy and inexpensive determination of every action.(emphasis added)

The subject action, civil in nature, was properly transferred to the Circuit Court from the Probate Court of Shelby County under the applicable statute. Accordingly, we find that where there is no genuine issue as to any material fact summary judgment under Rule 56 is appropriate in a will contest proceeding and does not amount to an improper denial of contestants' right to a jury trial.

Id. at 760.

Summary judgment upholding the validity of the last will and testament of Climer E. Connatser was properly granted in this case.

The appellant asserts, in a manner somewhat disrespectful to the court, that the court "erred in precluding him from conducting discovery." First, we note that the appellant filed eighty-five interrogatories. Of the eight-five interrogatories, eleven were answered. The remaining interrogatories concerned, in the main, events that could in no way be calculated to lead to the discovery

7

of admissible evidence or relevant information, or were so overly broad, burdensome and ambiguous as to be incapable of a meaningful answer. We note that the interrogatories were filed with the appellant's original pleadings. At the same time, a motion to compel answers to the interrogatories was filed. Such a motion was untimely, frivolous and not in harmony with the Tennessee Rules of Civil Procedure. Further, the appellant claims to have filed a notice to take depositions which he claims the appellee ignored and the court refused to enforce. We find in the record a "motion to start depositions and discovery" which was also filed on the same date as the original pleading. Such a motion is unknown to the Tennessee Rules of Civil Procedure. The motion, did however, contain a list of items that could be construed as requests to produce. The request for production of documents was, like the interrogatories, in the main, totally irrelevant and could, in no way, reasonably be expected to lead to additional information material to the issues raised in the pleadings in the trial court. Proper responses were made to all appropriate requests for production.

Finally, as to the "notice to take deposition," there is contained in the file a document styled "Notice to Take Deposition." The "notice," however, is a "request" addressed to the Circuit Court Clerk to issue subpoenas to take depositions. There

was no notice as contemplated by Rule 30.02, Tennessee Rules of Civil Procedure. Rule 30.02 provides in pertinent part as follows:

> (1) A party desiring to take the deposition of any person upon oral examination **shall give notice in writing to every other party to the action**. The notice shall be served on the other parties at least five days beforehand when the deposition is to be taken in the county in which suit is pending. When the deposition is to be taken out of the county, at least seven days' notice shall be given. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to or included in the notice. (Emphasis added).

We find no merit in the appellant's complaints relating to the trial court's alleged failure to enforce the appellant's attempts to obtain discovery. In so doing, we are constrained to state affirmatively that the allegations of wrongdoing, prejudice, bias and malfeasance leveled against the trial judge in the appellant's brief are entirely unsupported by the record, are scurrilous and demonstrate a total lack of reasonable decorum. Such conduct by attorneys or pro se litigants should not be condoned.

The appellant also claims in the argument in his brief that the court abused its discretion in imposing sanctions against him under Rule 11, Tennessee Rules of Civil Procedure. After our

9

review of the record, we agree with the trial court that sanctions are appropriate. While, as hereinbefore noted, we look liberally upon the actions of a laymen acting pro se, there is simply nothing in the record, under any theory of law, by which relief can be granted to the appellant. The misguided efforts of a pro se litigant are no less subject to sanctions than those of an attorney well trained in the law. We find no abuse of discretion on the part of the trial court.

We affirm the judgment of the trial court in all respects. Costs are assessed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, J.

CONCUR:

___(Not participating)_____
Houston M. Goddard, Presiding Judge

_____
William H. Inman, Senior Judge

10

IN THE COURT OF APPEALS
AT KNOXVILLE

IN RE: ESTATE OF CLIMER E.      )  BLOUNT CIRCUIT
CONNATSER;                       )  C. A. NO. 03A01-9801-CV-00005
                                 )
GARY MICHAEL CONNATSER,          )
                                 )
         Plaintiff-Appellant     )
                                 )
                                 )
                                 )
                                 )
vs.                              )  HON. W. DALE YOUNG
                                 )  JUDGE
                                 )
                                 )
                                 )
                                 )
BEATRICE CONNATSER, EXECUTRIX,   )  AFFIRMED AND REMANDED
                                 )
         Defendant-Appellee      )

**<u>JUDGMENT</u>**

This appeal came on to be heard upon the record from the Circuit Court of Blount County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court in all respects. Costs are assessed to the appellant and this case is remanded to the trial court.

PER CURIAM